UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,   HON. STEPHEN J. MURPHY, III
                            CASE NO. 16-20696-02
    Plaintiff,

vs.

RODRIKA REED,

    Defendant.
_____/

## DEFENDANT REED'S SENTENCING MEMORANDUM

**Introduction**

    Rodrika Reed will appear before the Court for sentencing on October 5, 2017, having plead guilty to five counts in a Rule 11 Plea Agreement charging Defendant Reed with Using an Unauthorized Access Device, Possession of Device-Making Equipment, Possession of Fifteen or More Unauthorized Access Devices, Aggravated Identity Theft, and Conspiracy to Possess Fifteen or More Counterfeit or Unauthorized Access Devices.

    The Rule 11 plea agreement contends that there are no guideline disputes and that Defendant Reed's guideline range is 37-46 months as to Counts 1, 7, 9, and 11 but Count 10 has a minimum 24 months which must run consecutive to the other counts.  There is no agreement as to fines and restitution.

    It is not disputed that Defendant's Offense Base Level is 6 with a twelve level increase for loss being over $250,000 but less than $550,000, plus an additional two levels for having over ten victims, another two levels for engaging

in or causing the conduct to be sophisticated, and lastly an additional two levels for the production of an unauthorized access device, causing an adjusted offense level of 24.  However, as a result of Defendant accepting responsibility, three levels are reduced for a total offense level of 21.

Defendant has a criminal history category of two as a result of having two misdemeanor convictions.  One of her convictions was dismissed and closed after satisfactorily completing her probation under the Holmes Youthful Trainee Act and the same for her other case.  Defendant Reed has no other police contact nor does she have any felony convictions on her record.

**The Methodology**

Since the Supreme Court's decision in *United States v Booker*, 543 U.S. 220, 125 S.Ct 738 (2005), a district court's sentencing decision is to be controlled by the broad overall mandate of 18 U.S.C. Section 3553(a).  However, "the Act nonetheless requires judges to take account of the Guidelines together with other sentencing goals". Id., at 764.

In fashioning the appropriate sentence, Section 3553(a) commands that "[t]he court shall impose a sentence sufficient, but not greater than necessary, to fulfill the factors set forth in 3553.  As stated by the Sixth Circuit in *United States v Foreman*, 436 F3d 638, 644 (6th Cir, 2006):

> It is worth noting that a district court's job is not to impose a "reasonable" sentence.  Rather a district court's mandate is to impose "a sentence **sufficient, but not greater** than necessary, to comply with the purposes" of section 3553(a)(2).  Reasonableness is the appellate standard of review in judging whether a district court has accomplished its task.  Id,

at fn. 1.  (Emphasis added).

**The 3553(a) Factors**

The factors identified in 18 U.S.C. Section 3553(a), which directs a sentencing judge's exercise of discretion, are undoubtedly well known to the Court, but perhaps worth setting forth nonetheless, as a framework for the discussion which follows.  In addition to the Guidelines and Policy Statements (factors (4) and (5), omitted below) they are as follows:

(1) The nature and circumstances of the offense and the history and characteristics of the defendant;
(2) The need for the sentence imposed-
    (A) To reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
    (B) To afford adequate deterrence to criminal conduct;
    (C) To protect the public from further crimes of the defendant; and
    (D) To provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
(3) The kinds of sentences available

****

(6) The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct;
(7) The need to provide restitution to any victims of the offense.

To a great degree, of course, these considerations are interlinked.  Thus, for example, explication of "the history and characteristics of the defendant" is a necessary precondition to understanding "the nature and circumstances of the offense".  Of course the defendant's "history and characteristics" also supports the factors that may demonstrate the "need" for any particular sentence or kind of sentence.  There must also be consideration as to whether the imposition of sentence outside the mine constitutes a reasonable response to the particular facts of the case, or is an example of "unwarranted sentence disparities."

As the Supreme Court explained in its recent decision in *Gall v United States,* in applying these factors, a sentencing judge "must make an individualized assessment based on the facts presented" by the case, without giving presumptive weight to the Guidelines sentencing range.

**A.** The Guidelines

As noted above, we agree the guideline range of at least twenty-four months as to Count Ten and with regard the other four Counts, the guideline range is 37-46 months and a criminal history category of II.  However, after the probation department's thorough investigation into this matter, we agree with their calculation of the guidelines as being 41-51 months.

**B.  The History and Characteristics of the Defendant**

Ms. Lara Catrell of the United States Probation Department has set forth not only the offense conduct but the offender's characteristics as well. Undersigned counsel sees no need to simply reiterate what is contained in the report.  Nevertheless, undersigned counsel believes it's appropriate to supplement the report with some additional information.

Although Ms. Reed's involvement with Using and Possessing Illegal Identification certainly must be condemned and punished, undersigned counsel respectfully submits that it should not completely overshadow that Ms. Reed is single, with no children, 21 years old and has no prior felony convictions.  She has been consistently working and has plans to open her own business when released from incarceration.

### B. The "need for the sentence" to comport with the traditional puposes of punishment.

1  <u>Retribution.</u>  The first of the statutory factors-that the sentence imposed should "reflect the seriousness of the offense…promote respect for the law, and …provide just punishment for the offense," essentially echoes the traditional concept of "retribution."

Such measurements are of course difficult to draw with precision, and, as an advocate, it is difficult for counsel to maintain objectivity.  However, while undoubtedly, the offense is a serious one, Ms. Reed has lived a crime free lifestyle other than driving offenses and misdemeanors under the Holmes Youthful Trainee Act when she was younger.

2  <u>Deterrence-general and special</u>.  The two specifics of deterrence call for two kind of analysis.  As for general deterrence-the need to fashion a punishment which will deter the public at large from taking the same course of action as did the defendant- it seems reasonable to conclude that a sentence which results in defendant having to serve a prison term would serve as a sufficient disincentive to others who might otherwise be tempted to engage in this same conduct.  However, due to Ms. Reed's age, lack of felony record, and very likely to be rehabilitated, I don't believe prison is the answer and society would not have to worry about Ms. Reed being involved in any further criminal activity.

With respect to special deterrence-the need to dissuade the defendant herself from future illegal conduct – the question seems far simpler.  Ms. Reed has certainly gotten the message that there are severe consequences for her actions and she is genuinely remorseful.  Likewise, Ms. Reed understands that

as a result of this conviction, she will not be able to get it expunged and she will definitely be hampered by a felony conviction on her record. Ms. Reed also understands that she needs to be smarter in choosing men involved in criminal activity. It is quite obvious that the co-defendant was behind a majority of the activities in this conspiracy and brought Defendant Reed into this disaster.

    3   Incapacitation. "The rationale for incapacitation is to allow society to protect itself from persons deemed dangerous because of their past criminal history." *Allen v Woodford,* 395 F.3d 979, 1009 (9th Cir. 2004)(citing W. LaFave& A. Scott, Substantive Criminal Law 38 Section 1.5 (2003). Defendant Reed is definitely not a danger to society nor does she have any assaultive history in her background.

    4   Rehabilitation. Ms. Reed is well on her way to being rehabilitated. It started when she was arrested by law enforcement officers and is now facing guidelines of 41-51 months plus an additional 24 months for Count Ten. Ms. Reed clearly gets the message that wrongful criminal acts will clearly result in incarceration for any future crimes.

    D.  **The kinds of sentences available.**

In the wake of *Booker,* the Court is free to impose any kind of sentence which it deems appropriate. It seems clear, however, that given Ms. Reed's lack of criminal history, has continuously been employed, and was engaged in improving her education, coupled with her acceptance of responsibility in a timely manner, respectfully requests that this Honorable Court sentence her below the guideline range due to the Booker factors. Defendant Reed believes that the 24

months for Aggravated Identity Theft is enough time for punishment and would definitely deter others from doing the same thing.  For the other counts, Defendant Reed respectfully requests that a probation sentence be given in lieu of any incarceration.

Respectfully submitted,

s/Steven Scharg_____
STEVEN SCHARG
Attorney for Defendant
615 Griswold, Suite 1125
Detroit, Michigan 48226
(313) 962-4090
Mi Bar No. P43732
Scharg1924@gmail.com

Dated:  September 26, 2017

## CERTIFICATE OF SERVICE

I hereby certify that on September 26, 2017, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send notification of such filing to the following:

>Shane Cralle
>211 W. Fort Street, #2001
>Detroit, Michigan 48226
>(313) 226-9100
>shane.cralle@usdoj.gov